# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BARNARD M. JACKSON,

        Petitioner,   :      Case No. 3:24-cv-254

   - vs -                  District Judge Michael J. Newman
                            Magistrate Judge Michael R. Merz

WARDEN, Northeast Correctional
  Institution,

                             :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brough *pro se* by Petitioner Barnard Jackson under 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant filings are the Petition (ECF No. 8), the State Court Record (ECF No. 16), the Return of Writ (ECF No. 17), Petitioner's Reply (ECF No. 20), and Respondent's Sur-Reply (ECF No. 21).

**Litigation History**

On May 14, 2020, a Montgomery County Grand Jury indicted Jackson on one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(2), (Count 1); one count of having weapons while under disability in violation of Ohio Revised Code § 2923.13(A)(2), (Count 2); one count of discharging a firearm on or near a prohibited premises in violation of Ohio Revised

1

Code § 2923.162(A)(3), (Count 3); one count of tampering with evidence in violation of Ohio Revised Code § 2921.12(A)(1), Count 4; and one count of improperly handling of firearms in a motor vehicle in violation of Ohio Revised Code § 2923.16(A), Count 5. (Indictment, State Court Record, ECF No. 16, Ex.1). Jackson eventually pleaded no contest to felonious assault, having weapons while under disability, discharge of a firearm on or near prohibited premises, improper handling of firearm in motor vehicle. *Id.* Ex. 20. He was sentenced to serve an aggregate sentence of five to six years. *Id.* at Ex. 22.

Jackson then appealed to the Ohio Court of Appeals for the Second District. After his counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), Jackson filed a *pro se* brief raising seven assignments of error. *Id.* at Ex. 27. The Second District then affirmed the conviction. *State v. Jackson,* 2022-Ohio-1522 (Ohio App. 2nd Dist. May 6, 2022). Jackson appealed *pro se* to the Ohio Supreme Court raising a single speedy trial proposition of law. *Id.* at Ex. 31. The Ohio Supreme Court declined to exercise jurisdiction over the appeal. *State v. Jackson*, 167 Ohio St.3d 1473 (2022).

Petitioner's Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 did not garner any decisions on the merits of his claims and ended with the Supreme Court declining jurisdiction over the appeal (Entry, State Court Record, ECF No. 16, Ex. 57).

The Petition was deposited in the mail on September 19, 2024 (ECF No. 1, PageID 7) which serves as the date of filing under *Houston v. Lack*, 487 U.S. 266 (1988), and *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999)[1]. It pleads the following grounds for relief:

> **Ground One:** The Court of Appeals, Montgomery No. 29226 erred when it accepted jurisdiction contrary to the Ohio Constitution and State rules for final orders.

---

[1] Respondent asserts the Clerk received the Petition on November 5, 2024 (Return, ECF No. 17, PageID 695). The Petition is, however, stamped as received by the Clerk on September 18, 2024 (ECF No. 8, PageID 46).

2

**Supporting Facts:** The 2nd Dist. Of Montgomery County, Ohio accepted appellant's counsel's *Anders v. California* (no merit brief) asserting no issues for the court's review, an act of California (no merit brief) asserting no issues for the court's review, an act of maliciousness by the court and defense for appeal of which violated the laws and treaties pursuant to the 14th amendment to the U.S. Constitution. The May 14, 2020 indictment remains unresolved under R.C. 2505.02, Crim.R. 32(B)(4) and Ohio's Constitution; See invalid plea form and sentencing entry.

(b) If you did not exhaust your state remedies on Ground One, explain why: Due to ineffective counsel on initial appeal, petitioner tried to present the situation in Postconviction proceedings under R.C. 2953.21 (Aug. 16, 2020) and after a lengthy delay, the denial was appealed and that denial was affirmed on May 31, 2024, and the Ohio Supreme Court denied review on Sept. 3, 2024; see Memorandum in Support S.Ct. of Ohio No. 2024-0929. (challenged the finality of the conviction)

**Ground Two:** Petition under R.C. 2953.21 filed on Aug. 16, 2022 wrongfully denied without hearing on the merits and the trial court's record.

**Supporting Facts:** If the trial court held an evidentiary hearing on petition for postconviction relief, the court would have determined the invalid plea and forms and concluded that the judgment of conviction is contrary to the judgment and sentence under R.C. 2941.145 (mandatory 3 yr term precluded), the absence of the Nolle Prosequi motion relating to count 4 of the indictment (tampering with evidence F3 R.C. 2921.12(A)(1)) and the charged firearm spec. R.C. 2941.146 at which resulted in a conviction that is contrary to a final, appealable order, speedy trial violation to all counts /spec.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Ineffective appellate counsel Byron K. Shaw's filing of his no-merit brief pursuant to Anders v. California 2nd Dist. Mont. No. 29226, through his own research he later discovered all facts in the foregoing.

Petition (ECF No. 8, PageID 51-53).

In the Return of Writ, Respondent argues both Grounds for Relief fail to state a claim upon which habeas corpus relief can be granted because they do not state claims under the United States Constitution. Respondent invites Petitioner to file a motion to amend if what he intends to do is

3

raise a speedy trial claim (Return, ECF No. 17).

Jackson did not accept that invitation. In response to the Return, he gives a lengthy narrative about his interactions with trial counsel and the trial court (Reply, ECF No. 20). At the end of his twenty-page Reply, he writes as his Conclusion: "The Honorable [court] should order the trial court and with prejudice to discharge the Petitioner from the indictment on speedy trial grounds based on the truth in the foregoing." *Id.* at PageID 733-34.

## Analysis

**Ground One: Appeals Court acted without a final appealable order.**

In his First Ground for Relief, Petitioner claims the Second District Court of Appeals decided his direct appeal without a final appealable order.

Federal habeas corpus is available only to correct **federal** constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

As the Magistrate Judge reads Petitioner's First Ground for Relief, it is that the Second District Court of Appeals accepted his original direct appeal without jurisdiction to do so because

4

there was not a final appealable order in the Common Pleas case.

On its face this claim purports to be made under the Ohio Constitution and state rules. This Court is not authorized to decide whether the Second District's acceptance of jurisdiction violated Ohio law because that is not a federal constitution issue. To put it another way, the United States Constitution does not compel state appellate courts to follow state law on what matters can be appealed.

Petitioner asserts the Second District should have raised this issue *sua sponte* (Reply, ECF No. 20, PageID 728). But the United States Constitution does not impose any such duty on state appellate courts. This claim also could be disposed of under the invited error doctrine, since it was Petitioner who invoked the jurisdiction of the Second District (See Notice of Appeal, State Court Record, ECF No. 16, Ex. 23).

Petitioner's First Ground for Relief should be dismissed for failure to state a federal constitutional ground for relief.

**Ground Two: Dismissal of Post-Conviction Petition without a Hearing**

In his Second Ground for Relief, Petitioner asserts the Common Pleas Court improperly dismissed his petition for post-conviction relief without a hearing.

This claim also fails to state a claim under the United States Constitution. Federal constitutional law does not require a State to have a proceeding for post-conviction relief, much less command that there be an evidentiary hearing in connection with such a proceeding. The Sixth Circuit has held that claims about error in administering post-conviction relief do not rise to the level of a federal constitutional violation. *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986)(claims

of denial of due process and equal protection in collateral proceedings not cognizable in federal habeas because not constitutionally mandated). *Accord, Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001); *Johnson v. Collins,* 1998 WL 228029 (6th Cir. 1998); *Trevino v. Johnson*, 168 F.3d 173 (5th Cir.1999); *Zuern v. Tate*, 101 F. Supp. 2d 948 (S.D. Ohio 2000), *aff'd.*,336 F.3d 478 (6th Cir. 2003).

Petitioner's Second Ground for Relief should also be dismissed for failure to state a federal constitutional claim upon which relief can be granted.

**Speedy Trial**

Respondent called out the absence of a speedy trial claim in the Petition. Despite that, Petitioner has never attempted to move to amend his Petition to add such a claim. As noted above, he instead added as his conclusion to the Reply that the Court should order his release for failure to respect his speedy trial rights.

A habeas petitioner cannot add a claim to a case by merely asserting it in his reply. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). Nonetheless the Magistrate Judge believes it is useful to discuss what disposition would be made of a formal motion to amend to add a speedy trial claim.

First of all a motion to amend would have to overcome the objection that it was unduly delayed. *Foman v. Davis*, 371 U.S. 178 (1962). Assuming Petitioner could overcome that obstacle, he would still have to show there was merit in the claim. In doing so, he would have to deal with the distinction between his statutory right to speedy trial under Ohio Revised Code § 2945.71 and his constitutional right to speedy trial under the Sixth Amendment. The Ohio

statutory constraints on speedy trial are much tighter than those in the United States Constitution. An Ohio criminal defendant has a right to trial within 270 days of being indicted, with every day of pre-trial confinement counting as three. The ninety days can be tolled by various events such as the pendency of a motion to suppress. In this case in particular it was tolled by the COVID-19 pandemic lockdown. However, the question of whether the State has satisfied Ohio Revised Code § 2945.71 is a question of state law, not of federal constitutional law, and is therefore not an issue on which this habeas court can rule.

In contrast, the Sixth Amendment allows the State considerably more leeway. The Supreme Court has developed a four-part balancing test to use in determining whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). Delay is presumptively prejudicial where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647 (1992).

On direct appeal from his conviction, the Second District ruled as follows on the merits of Petitioner's Sixth Amendment claim:

> {¶ 18} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Section 10, Article I of the Ohio Constitution. *State v. Taylor,* 2d Dist. Greene No. 2021-CA-2, 2021-Ohio-2701, ¶ 7, citing *State v. Lackey,* 2015-Ohio-5492, 55 N.E.3d 613, ¶ 21 (2d Dist.), citing *State v. Adams,* 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). To determine whether a defendant's constitutional right to a speedy trial has been violated, courts should apply the four-factor balancing test in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The four factors to be balanced are: (1) the length of the delay between accusation and trial; (2) the reason for the delay; (3) the defendant's assertion, if any, of his right to a speedy trial; and (4) the prejudice, if any, to the defendant. *State v. Voris,* 2d Dist. Miami No. 2021-CA-2, 2022-Ohio-152, ¶ 16, citing *Barker, Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), and *State v. Adams,* 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d

127, ¶ 88. "[T]hese four factors are balanced considering the totality of the circumstances, with no one factor controlling." *State v. Perkins,* 2d Dist. Clark No. 2008-CA-81, 2009-Ohio-3033, ¶ 8, citing *Barker*.

{¶ 19} We note that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other [three] factors that go into the balance." *Barker* at 530; *Adams* at ¶ 89. "A delay becomes presumptively prejudicial as it approaches one year in length." *Adams* at ¶ 90, citing *Doggett* at 652. However, "a finding of 'presumptive prejudice' is merely a triggering mechanism under the first *Barker* factor, which justifies an inquiry into the other three factors." *Voris* at ¶ 24, citing *State v. Kraus,* 2d Dist. Greene No. 2011-CA-35, 2013-Ohio-393, ¶ 23.

+ + + +

{¶ 31} Although not specifically argued by Jackson, we also do not find a constitutional speedy trial violation. As previously noted, we use the four-factor balancing test in *Barker* to determine whether a constitutional speedy trial violation has occurred. *Voris,* 2d Dist. Miami No. 2021-CA-2, 2022-Ohio-152, at ¶ 16, citing *Barker*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. The first factor—the length of the delay between accusation and trial—triggers our review of the other three factors since the delay in this case is over a year and thus presumptively prejudicial. *See id.* at ¶ 24; *Adams,* 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 90, citing *Doggett,* 505 U.S. 647 at 652, 112 S.Ct. 2686, 120 L.Ed.2d 520. As previously discussed, the three other factors are: (1) the reason for the delay; (2) whether the defendant asserted his right to a speedy trial; and (3) whether the defendant suffered any prejudice. *Voris* at ¶ 16, citing *Barker.* (Other citations omitted.)

{¶ 32} In reviewing those factors, we find that Jackson asserted his right to a speedy trial multiple times during the proceedings in this case and in his pro se motion to dismiss, which weighs in favor of finding a constitutional speedy trial violation. *Voris* at ¶ 23. However, the record also reveals that the delay in this case was largely attributable to Jackson's continuous filings and to the ongoing COVID-19 pandemic, which was outside the trial court's control. This weighs against finding a constitutional speedy trial violation. *Id.* at ¶ 22. Since the delay was largely attributable to Jackson's own actions, we also find no resulting prejudice, which also weighs against finding a constitutional speedy trial violation. *Id.* at ¶ 24-25. While we agree that the trial court took an extended period of time to rule on Jackson's motion to suppress, we

> find that the delay was reasonable given the ongoing, unprecedented COVID-19 pandemic, which has caused considerable backlogs and scheduling difficulties in the trial courts. Therefore, when weighing these factors, we do not find a constitutional speedy trial violation under the circumstances of this case.

*State v. Jackson,* 2022-Ohio-1522 (Ohio App. 2nd Dist. May 6, 2022).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Here the Second District Court of Appeals plainly ruled on the merits of both Petitioner's Sixth Amendment and Ohio statutory speedy trial claims and distinguished between the applicable standards. It relied on the leading Supreme Court precedent, *Barker* and *Doggett*. Jackson has failed even to argue, much less demonstrate, that its application of those cases was objectively unreasonable. Any constitutional speedy trial claim by Petitioner is without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this

9

conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 11, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.