IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BARNARD M. JACKSON,

    Petitioner,

v.

WARDEN, Northeast Ohio
Correctional Institution,

    Respondent.

Case No. 3:24-cv-254

District Judge Michael J. Newman
Magistrate Judge Michael R. Merz

---

**ORDER: (1) GRANTING PETITIONER'S *PRO SE* MOTION FOR RELIEF FROM ORDER PURSUANT TO FED. R. CIV. P. 60(b)(6) (Doc. No. 29); (2) VACATING THE PRIOR ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS (Doc. No. 26); (3) VACATING THE JUDGMENT ENTERED AGAINST PETITIONER (Doc. No. 27); (4) FULLY CONSIDERING BUT OVERRULING PETITIONER'S RECENTLY-FILED OBJECTIONS (Doc. No. 28); (5) DENYING AND DISMISSING WITH PREJUDICE PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS (Doc. No. 8); (6) DENYING A CERTIFICATE OF APPEALABILITY; (7) CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND FINDING THAT *IN FORMA PAUPERIS* STATUS SHOULD BE DENIED ON APPEAL; AND (8) TERMINATING THIS CASE ON THE DOCKET**

---

    This is a habeas corpus case brought *pro se* by Petitioner Barnard M. Jackson pursuant to 28 U.S.C. § 2254. Previously, Magistrate Judge Michael R. Merz, to whom this case was referred pursuant to 28 U.S.C. § 636(b), issued a Report and Recommendation ("R&R") on September 11, 2025. Doc. No. 25. Objections to the R&R were due within fourteen days after receiving service. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). As of October 6, 2025, twenty-five days after the R&R was docketed in the record, Petitioner had not filed any objections. Consequently, the Court issued an Order adopting the R&R and dismissing the Petition with prejudice, as Judge Merz

had recommended. Doc. No. 26. The Clerk of Court docketed the resulting Judgment on October 6, 2025. Doc. No. 27.

One day later, on October 7, 2025, Petitioner's objections arrived by mail in the Clerk of Court's office and were docketed in the case record. Doc. No. 28. Then, on October 14, 2025, Petitioner filed a *pro se* motion for relief from Order pursuant to Fed. R. Civ. P. 60(b)(6), explaining that although he originally sent his objections on September 15, 2025, it was returned to him by the U.S. Postal Service for "insufficient funds." Doc. No. 29 at PageID 769; *see* Doc. No. 28 at PageID 766-67. Petitioner then submitted his objections for mailing on September 29, 2025.  Doc. No. 29 at 769.

Petitioner's attempt to mail his objections to the Court on September 15, 2025 was timely under the prison mailbox rule, *see Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012) ("Under the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing"), and his rapid effort to resend his objections to the Court with sufficient postage strongly operates in favor of reaching the merits of his objections. In addition, reaching the merits of Petitioner's objections will cause no prejudice to Respondent. For these reasons, Petitioner's motion for relief from the Court's prior Order is well taken.

Next, as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has carefully considered and reviewed the comprehensive findings of Magistrate Judge Merz and has considered *de novo* all filings in this matter, including Petitioner's objections, which the Court has liberally construed in his favor, given his *pro se* status.  *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). Upon careful *de novo* consideration of the foregoing, the Court concludes that Petitioner's objections lack merit and that the R&R correctly analyzes the petition and reaches well-reasoned conclusions. *See* Doc. No. 17 at PageID 922-36; Doc. No. 24 at PageID 979-87.

Accordingly, it is hereby **ORDERED** that (1) Petitioner's *pro se* motion for relief from order pursuant to Rule 60(b)(6) is **GRANTED**; (2) the prior Order adopting the Report and Recommendation and dismissing Petitioner's petition for a writ of habeas corpus is **VACATED**; (3) the judgment entered against petitioner is **VACATED**; (4) Judge Merz's September 11, 2025 Report and Recommendation is **ADOPTED**; (5) Petitioner's recently-filed objections are **OVERRULED**; (6) Petitioner's habeas corpus petition is **DENIED** and **DISMISSED WITH PREJUDICE**; and (7) Petitioner is **DENIED** a certificate of appealability. Further, the Court **CERTIFIES** that any appeal would be objectively frivolous and **CONCLUDES** that Petitioner should be **DENIED** *in forma pauperis* status on appeal. The case is **TERMINATED** on the docket.

    **IT IS SO ORDERED.**

October 24, 2025                                  s/*Michael J. Newman*
                                                                   Hon. Michael J. Newman
                                                                   United States District Judge